IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAH M. MALIK,

    Plaintiff,

v.              Case No. 04-2074-KGS

AMINI'S BILLIARD & BAR STOOLS,
INC., d/b/a/ AMINI'S GALLERIA,

    Defendant.

## **MEMORANDUM AND ORDER**

  This matter comes before the court as a result of the court's order directing defendant Amini's Billiard and Bar Stools, Inc. to show cause to the magistrate judge why attorney's fees and expenses should not be awarded against defendant and/or its counsel for failure to respond to plaintiffs' discovery requests and plaintiffs' motion to compel (Doc. 52).  Specifically, the court ordered defendant's counsel to Show Cause, by November 21, 2005, why defense counsel should not be taxed with plaintiff's attorneys' fees and costs.  Additionally, the court ordered that plaintiff submit a verified accounting of the reasonable fees and expenses (by date, time, and category) for which he sought recovery as a result of the instant motion to compel.[1]  Defendant's counsel responded by this deadline, in writing. However, plaintiff's counsel failed to submit a verified accounting of its fees and costs associated with filing his motion to compel, and the time period for doing so has expired.  Therefore, the court deems this matter ripe for disposition.

---

  [1]Order Granting in Part and Denying in Part Motion to Compel and for Sanctions (Doc. 52) at 24.

Fed. R. Civ. P. 37(d) provides that when a party fails to answer interrogatories or requests for production of documents,

> [T]he court in which the action is pending on motion may make such orders in regard to the failure as are just, ....In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Defendant's counsel, in its response to the court's order to Show Cause, agreed with the court that a sanction of attorney's fees in this case is "appropriate" under these circumstances. However, plaintiff and his counsel failed to submit by November 21, 2005, a verified accounting of plaintiff's attorney's fees and costs associated with his motion to compel. The court can only conclude from plaintiff's failure to submit his verified accounting that, despite his initial request for sanctions as part of his motion to compel, plaintiff no longer seeks to recover his fees and expenses from defendant at this time. Therefore, the court declines to assess monetary sanctions against the defendant at this juncture.

However, defendant Amini's Billiard's and Bar Stools, Inc., should be aware that any failure to fully comply with the court's order granting plaintiff's motion to compel shall result in the court revisiting the issue of sanctions with the likelihood that monetary and non-monetary sanctions enumerated by Fed. R. Civ. P. 37(b) will be imposed.

**IT IS SO ORDERED.**

Dated this 22nd day of November, 2005, at Topeka, Kansas.

s/ K. Gary Sebelius

K. Gary Sebelius

U.S. Magistrate Judge
