IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAH M. MALIK,

        Plaintiff,

v.                                                                          Case No. 04-2074-KGS

AMINI'S BILLIARD & BAR STOOLS,
INC., d/b/a/ AMINI'S GALLERIA,

        Defendant.

_____

### <u>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT</u>

This matter comes before the court upon Plaintiff Shah M. Malik's Motion to Amend

Complaint to Add Additional Party Defendants (Doc. 61).  Specifically, Plaintiff seeks to add New

World Industries of Oklahoma, Inc.; Billiards & Barstools, Inc.; Amini's Galleria, Inc.; and M.A.R.

Management Consultants, Inc.  Defendant has not filed a Response to Plaintiff's motion.  However,

upon reviewing Plaintiff's motion, the court finds that a Response is not necessary in this instance and

the court is prepared to rule.

**Relevant Factual Background**

Plaintiff Shah Malik filed his complaint in federal district court for the District of Kansas on

February 24, 2004.  In his complaint, Plaintiff alleges that Defendant Amini's Billiards & Barstools, Inc.

wrongfully discharged him from its employment, in violation of Title VII of the Civil Rights Act of 1964;

the Civil Rights Act of 1866; and the Kansas Human Rights Act.[1]  Specifically, Plaintiff alleges that

Defendant fired him on the basis of his race.[2]

Defendant filed its motion for summary judgment in this matter (Docs. 50, 51) on October 25,

2005.  Plaintiff's response to Defendant's motion for summary judgment is currently due on or before

January 9, 2006.[3]  According to the Scheduling Order (Doc. 10) in this case, all motions for leave to

add additional parties or otherwise amend the pleadings were to be filed no later than October 14,

2004.[4]  Plaintiff filed his current motion on December 29, 2005, more than fourteen months after the

deadline contained in the Scheduling Order.

**Discussion**

Fed. R. Civ. P. 15 controls the procedure for amending pleadings.  Because Plaintiff seeks to

amend his complaint after an answer has already been filed, he "may amend ... only by leave of court...;

and leave shall be freely given where justice so requires."[5]  The decision to grant leave to amend lies

within the discretion of the trial court.[6]  Refusing leave to amend is generally only justified upon a

showing of undue delay, undue prejudice to the opposing party, bad faith, or futility of amendment.[7]

---

[1]Plaintiff's Complaint (Doc. 1) at 1.

[2]*Id.* at 6-10.

[3]Order Granting Motion for Extension of Time to File Response (Doc. 54) at 1.

[4]Scheduling Order (Doc. 10) at 6.

[5] Fed. R. Civ. P. 15(a).

[6] *Stewart v. Brd. of Comm'rs for Shawnee County, Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003).

[7] *Id.*

2

Additionally, untimeliness alone is sufficient cause for denying leave to amend, especially when the movant offers no adequate explanation for the delay.[8]  For instance, when a motion to amend is filed after the deadline established in the Scheduling Order, as here, the moving party must show good cause for allowing the amendment out of time.[9]  To establish good cause, the moving party must show that the deadline "could not have been met with diligence."[10]  Thus, the issue then becomes whether Plaintiff has demonstrated good cause for the court to permit amendment out of time.

After reviewing Plaintiff's motion, the court fails to find good cause for permitting amendment out of time.  In his motion, Plaintiff states that during the course of Mack Amini's deposition on September 28, 2005, Mack Amini "revealed" that he had incorporated the four additional entities that Plaintiff now seeks to add to this litigation.[11]  However, later in the same motion, Plaintiff states, "It is well known that Defendant ...is linked to and intimately involved in and with the operation and management of New World Industries of Oklahoma, Inc., Billiards & Barstools, Inc., Amini's Galleria, Inc., and M.A.R. Management Consultants, Inc."[12]

The court feels that if "it is well known" that Defendant is "linked to and intimately involved in and with" the proposed additional parties, then the Plaintiff should not have waited over fourteen

_____

[8]*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993).

[9]*SIL-FLO, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1518 (10th Cir. 1990).

[10]*Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993) (citing *Pfeiffer v. Eagle Mfg. Co.*, 137 F.R.D. 352, 355 (D. Kan. 1991).

[11]Plaintiff's Motion to Amend Complaint to Add Additional Party Defendants (Doc. 61) at 1.

[12]*Id.* at 3.

months to file his current motion to add those additional parties.  Accordingly, the court fails to find good cause to permit amendment out of time in this case.

Further, the court finds that permitting amendment would cause undue delay to these proceedings and would otherwise prejudice Defendant.   As already discussed, the deadline for filing motions for leave to amend, as contained in the Amended Scheduling Order (Doc.10) was October 14, 2004.  Discovery closed in this case on May 20, 2005, with two exceptions.[13]  Additionally, Defendant has already filed its summary judgment motion (Docs. 50, 51) and Plaintiff's response is due on or before January 9, 2006.[14]  Simply put, permitting amendment at this time would inject new issues and theories requiring additional evidence and time.[15]  In light of these factors, the court finds that Plaintiff has not demonstrated sufficient good cause for permitting amendment at this time and further, that permitting amendment would unduly delay these proceedings and unduly prejudice Defendant.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint to Add Additional Party Defendants (Doc. 61) is hereby denied.

**IT IS SO ORDERED.**

Dated this 30th day of December, 2005, at Topeka, Kansas.

---

[13]Mack Amini's deposition took place on September 28, 2005, and the court granted Plaintiff's Motion to Compel (Doc. 52) on November 10, 2005.  Both events occurred only through leave of the court, however.

[14]Order Granting Motion for Extension of Time to File Response (Doc. 54).

[15] *See, e.g., Little v. Reed-Prentice Div. of Package Machinery Co.*, 131 F.R.D. 591, 594 (D. Kan. 1990).

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge